Donald Ray GIPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 67041.

Court of Criminal Appeals of Texas, Panel No. 1.

July 22, 1981.

Robert T. Baskett, Dallas, court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr. and Gerald Banks, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

The appellant pleaded guilty before a jury to a charge of aggravated rape. The jury assessed a punishment of confinement for life.

In his first ground of error, the appellant complains of the admission of evidence about an extraneous offense. In its case-in-chief, the State offered evidence that two men abducted W———— from the parking lot of her apartment, that they used a knife to force her into a car which was driven by the appellant and which contained a fourth man, that they drove to a vacant house, and that all four men (in the presence of each other) raped her in the car. The appellant testified that he and three other men were

driving around, that Johnny Davis told him to follow W_____'s car, that he did not know exactly what Davis and another man were going to do when they got out of the car and accosted W_____, that he followed Davis's direction to go to the vacant house, that it was Davis's idea to rape W_____, that all four men raped her, and that he was afraid of Davis. On cross-examination the appellant testified that he committed the rape because he was afraid of Davis and because Davis held a knife to his neck and threatened him.[1]

In rebuttal, over the appellant's objection, the court allowed R_____ to testify that the appellant raped her about a week before he raped W_____. R_____ testified that when she stopped her car to buy a newspaper a man holding a knife accosted her and forced her to drive to a vacant house (the same one to which W_____ was taken). A car followed them. At the house, R_____ and the abductor were joined by the two men who had followed them; one of the men was the appellant. After some discussion, R_____ was taken into the house and forced to disrobe. The appellant told the other men to leave the room because he could not perform sexual intercourse in front of other people. The other men left, and the appellant raped R_____. No one used force or threats against the appellant; apparently, he wanted to commit the act. It is this evidence which the appellant argues should not have been admitted.

■ Evidence of extraneous offenses generally is excluded because it confuses and prejudices the issue of guilt of the instant offense. *Rumbaugh v. State*, 589 S.W.2d 414, 418 (Tex.Cr.App.1979); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Cr.App.1972); J. Wigmore, *Evidence*, Section 55 (3d ed. 1940). It may be admitted if it is shown to be material and relevant to a contested issue, *Albrecht, supra*, at 100, and if its relevance to the issue is not outweighed by its prejudicial effect, *Id.* at 101.

Since the circumstances necessarily vary within the factual contexts, each case must be determined on its facts. *Id.* at 100.

■ In this case the appellant argues that there was no contested issue to which the extraneous offense was relevant, but the record contradicts him. His testimony raised issues of the degree to which he was a knowing and willing participant in the planning and commission of the offense. The evidence offered in rebuttal was relevant to these issues.

As for the balancing of relevance against prejudicial effect, the cardinal feature of this case is that the appellant already had pleaded guilty. The dangers of confusing and prejudicing the issue of guilt, which underlie the rule against proof of extraneous offenses, are absent when the issue of guilt is itself absent. *Garcia v. State*, 581 S.W.2d 168, 179, 180 (Tex.Cr.App.1979) (Roberts, J., concurring). *See Rumbaugh v. State*, 589 S.W.2d 414, 418 (Tex.Cr.App. 1979). This considerably changes the balance of the judicial scales. The relevant value of this evidence at the punishment stage was not outweighed by improper prejudicial effect.

In addition to confusing and prejudicing the issue of guilt, a third danger that the rule against proof of extraneous offenses guards against is unfair surprise. J. Wigmore, *Evidence*, Section 55 (3d ed. 1940). The appellant argues that he had no notice that he would be required to defend against proof of an extraneous offense.

■ It has been suggested that notice should be given if the State intends to offer proof of extraneous offenses in its case-in-chief. *Garcia v. State*, 581 S.W.2d 168, 179 (Tex.Cr.App.1979) (Roberts, J., concurring). In this trial the State did not offer, and could not have offered, the proof of the rape of R_____ in its case-in-chief. It was a rebuttal to the appellant's evidence in mitigation. In such a situation the defendant, rather than the State, determines

---

1. The trial court offered to allow the appellant to withdraw his plea of guilty and rely on the affirmative defense of duress, but the appellant declined to do so. He said that his testimony was in mitigation of punishment.

whether a contested issue will be raised, and his determination will not be made known until he presents his case. It would be practically impossible for the State to give notice until that time, as it did in this case. The appellant did not claim that he was surprised, and he did not ask for a continuance. The trial court did not err in receiving this rebuttal evidence on the question of punishment.

The appellant next complains of two jury arguments. His objection to one was sustained and the jury was instructed to disregard it, which was sufficient remedial action. There was only a general objection, insufficient to preserve error, as to the other. No reversible error appears.

Finally the appellant complains of a mistake in the judgment; it has been corrected, nunc pro tunc.

The judgment is affirmed.