

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00530-CR

RONNIE LEON DABNEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 51,705-A

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

I respectfully dissent. As the majority opinion points out, the court of criminal appeals has held that rebuttal evidence may be offered in the State's case-in-chief if a defendant opens the door to such evidence in his opening statement. Maj. Op. at 9 (citing *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008); *Powell v. State*, 63 S.W.3d 435, 438–40 (Tex. Crim. App. 2001)).

---
[1]*See* Tex. R. App. P. 47.4.

Here, I would hold that defense counsel's assertion in his opening statement that Appellant Ronnie Leon Dabney did not know that his guests had set up a methamphetamine lab on his property while he was away opened the door to the admission of extraneous offense evidence that officers had previously discovered a methampethamine lab on Dabney's property—the very same property involved here. *See Bass*, 270 S.W.3d at 563 & n.7.

The majority opinion focuses on whether the State intentionally did not disclose its intent to introduce the extraneous offense evidence in its case-in-chief and instead chose to wait and offer it as rebuttal evidence, thus avoiding rule 404(b)'s notice requirement. *See* Tex. R. Evid. 404(b) (requiring that State provide, upon timely request, reasonable notice in advance of trial of intent to introduce extraneous offense evidence in State's case-in-chief). The majority opinion surmises that the State knew of Dabney's defensive theory prior to trial, intended to introduce the extraneous offense evidence to rebut that theory at trial, but nevertheless did not provide notice of such intent prior to trial. Maj. Op. at 15. The majority opinion points to statements made by Dabney during the police investigation and during voir dire that show that his position since the beginning of the investigation was that he was not involved with the methamphetamine lab on his property. *Id.* But the State's knowledge that Dabney told police that he was not involved with the drug lab did not charge the State with knowledge that Dabney's defensive theory at trial would be that he did

not know about the drug lab on his property.[2] *See, e.g., Gipson v. State*, 619 S.W.2d 169, 170–71 (Tex. Crim. App. [Panel Op.] 1981) (explaining that "the defendant, rather than the State, determines whether a contested issue will be raised, and his determination will not be made known until he presents his case"); *see also Vasquez v. State*, 830 S.W.2d 948, 950 n.3 (Tex. Crim. App. 1992) (noting that "just because a competent defense attorney recognizes that a particular defense *might* be available to a particular offense, he or she could also decide it would be inappropriate to propound such a defense in a given case"). And, as the State asserts in its brief on appeal, even if it suspected that Dabney would present the defensive theory that he did not know about the drug lab on his property, this "did not require the State to give notice of an extraneous offense it had no intent to introduce in its case-in-chief, but which might nonetheless become admissible if the defense opened the door to the offense." *See* Tex. R. Evid. 404(b) (requiring notice *of intent* to introduce extraneous offense evidence in State's case-in-chief). Simply because the prosecutor was aware of and signed a discovery order requiring him to provide the notice required by rule 404(b) does not imply that the State willfully intended to skirt the notice requirement and "hide the ball, simply saving up evidence of extraneous

---

[2]The majority asserts that Dabney's defense was "not some esoteric, unexpected defense. It is essentially a defense of 'I'm not guilty.'" Maj. Op. at 16. To the contrary, Dabney's defensive theory—the one that opened the door to the rebuttal evidence at issue—was more than that; he asserted that unbeknownst to him, his guests had created a methamphetamine lab on his property while he was not at home.

offenses to spring on rebuttal." *Jaubert v. State*, 74 S.W.3d 1, 7 (Tex. Crim. App.) (Cochran, J., concurring), *cert. denied*, 537 U.S. 1005 (2002). Without evidence that the State intended to introduce the extraneous offense evidence yet engaged in the "manipulative strategy" of reserving such evidence as rebuttal evidence, we should not so speculate. *Id.* at *6. Instead, the record demonstrates that defense counsel opened the door to the extraneous offense evidence during his opening statement, and the State was entitled to walk through that open door. *See id.* at 7–8.

Viewing the trial court's ruling under the appropriate standard of review, I would conclude that it is at least subject to reasonable disagreement whether defense counsel's opening statement opened the door to admission of the extraneous offense evidence to rebut the defensive theory presented that Dabney did not know about the methamphetamine lab on his property. *See Bass*, 270 S.W.3d at 563 & n.7; *see also Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (upholding admission of evidence of appellant's "dumpster diving" for credit card receipts to rebut defensive theory that appellant unknowingly moved receipts for a coworker). Consequently, I would hold that the trial court did not abuse its discretion by admitting the extraneous offense evidence during the guilt phase of Dabney's trial. *See Powell*, 63 S.W.3d at 438. Because the majority opinion does not, I respectfully dissent.

/s/ Sue Walker
SUE WALKER
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 16, 2014