PD-1514-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/31/2015 10:30:51 AM
Accepted 3/31/2015 10:35:05 AM
ABEL ACOSTA
CLERK

**Cause No. PD-1514-14**

# Court of Criminal Appeals of Texas

**Ronnie Leon Dabney,**
Appellant

v.

**State of Texas,**
Appellee

On Petition for Discretionary Review from the Court of Appeals,
Second District of Texas No. 02-12-00530-CR

## State's Brief on the Merits

**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas

**John Gillespie**
First Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083252
John.Gillespie@co.wichita.tx.us

**John Brasher**
Special Prosecutor
Wichita County, Texas
State Bar No. 02907800
brasherappeals@gmail.com
900 8th Street Suite 415
Wichita Falls, Texas 76301
(940) 244-0244 phone
(940) 244-0245 fax

**Andrew Wipke**
Assistant Criminal District Attorney
State Bar. No. 24090824
Andrew.Wipke@co.wichita.tx.us

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 716-8530 fax

## Identity of Parties and Counsel

| | |
|---|---|
| Appellant | Ronnie Leon Dabney, Texas Department of Corrections-Institutional Division |
| Defense Counsel at Trial and on Appeal | Mark H. Barber, 1101 Scott Avenue, Suite 15, Wichita Falls. TX 76301 |
| State Counsel at Trial | John R. Gillespie, First Assistant District Attorney, Wichita County, Texas |
| State Counsel on Appeal | John R. Gillespie, First Assistant District Attorney, Wichita County, Texas |
| Presiding Judge at Trial | The Honorable  Robert P. Brotherton, 30th Judicial District Court, Wichita County Court House, 900 7th Street, Wichita Falls, Texas 76301 |

# Table of Contents

Table of Contents ........................................................................................iii

Index of Authorities .................................................................................. v

Statement of the Case ..............................................................................vii

Statement Regarding Oral Argument............................................................vii

Issues Presented ......................................................................................viii

Statement of Facts....................................................................................1

Summary of the Argument .........................................................................2

Argument ...............................................................................................4

    I.    Appellant was not entitled to notice of rebuttal evidence used to rebut Appellant's defensive theory that Appellant's counsel advanced in voir dire and in opening statement....................4

    II.    The Memorandum Opinion ignored the Court of Criminal Appeals' directive that the trial judge is afforded almost total deference on whether the prosecutor's conduct was less than willful and improperly substituted its judgment for the trial judge's that the prosecutor was engaging in gamesmanship rather than rebutting a defensive theory...........................................11

        A.    The Trial Court's decision to admit extraneous offense evidence for rebuttal purposes fell within the zone of reasonable disagreement ..................................................12

        B.    The Memorandum Opinion engaged in improper speculation that the State willfully violated a discovery order..................................................................................14

            1.    There was no affirmative evidence in the record to support the Memorandum Opinion's guess as to the prosecutor's motives ......................................15

2. The Memorandum Opinion minimizes the fact that the prosecutor had noticed Appellant 10 months before the trial started of the conviction that formed the basis of the evidence the State used to rebut Appellant's defensive theory. ................................. 16

III. Appellant suffered no harm by the admission of the rebuttal evidence because of the overwhelming evidence of Appellant's guilt including the fact that Appellant absconded and was absent for closing arguments. ............................. 17

Conclusion ................................................................................. 19

Prayer ....................................................................................... 20

Certificate of Compliance ........................................................... 21

Certificate of Service ................................................................. 21

# Index of Authorities

**Cases**          **Page**

*Alba v. State*, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995) .....................13

*Bass v. State*, 270 S.W.3d 557, 563 n. 7 (Tex. Crim. App. 2008)............5, 7

*California v. Hodari D.*, 499 U.S. 621 (1991) ..............................................18

*Dabney v. State*, No 02-12-00530-CR, 2014 WL 5307178 (Tex. App.—Fort Worth Oct. 16, 2014) (mem. op.) ........vii, 10-11, 14-16, 19

*Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) ....................4

*Francis v. State*, 428 S.W.3d 850, 856 (Tex. Crim. App. 2014)......11-12, 15

*Hoagland v. State*, 494 S.W.2d 186, 189 (Tex. Crim. App. 1973) ...............8

*Gipson v. State*, 619 S.W.2d 169 (Tex. Crim. App. 1981) ...........................8

*Jaubert v. State*, 74 S.W.3d 1, 8 (Tex. Crim. App. 2002) ............................7

*Mark de la Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009)......5-6, 14

*Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002) ............................16

*Montgomery v. State*, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990) ...................................................................................12- 14

*Oprean v. State,* 201 S.W.3d 724 (2006) .................................................17

*Powell v. State*, 63 S.W.3d 435, 439-40 (Tex. Crim. App. 2001)..............4-5

*Washington v. State*, 943 S.W.2d 501, 506 (Tex. App.—Fort Worth, 1997, pet. ref'd) ................................................................................9

*Wheeler v. State*, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002) .....................

*Yohey v. State*, 801 S.W.2d 232 (Tex. App.—San Antonio 1990, pet. ref'd) ................................................................................. 9

## Statutes

Tex. Code Crim. Proc. arts. 37-39 ............................................. 10

## Rules

Tex. R. Evid. 403 ...................................................................... 13

## Statement of the Case

The grand jury indicted Appellant, Ronnie Leon Dabney, for Manufacture of Methamphetamine over 400 grams. (C.R. 7). Appellant pleaded not guilty. (R.R. 3:5). Before closing argument, Appellant absconded from the trial and was absent for closing argument at the guilt/innocence stage. (R.R. 7:4-5). The jury found Appellant guilty. (R.R. 7:43). The trial judge sentenced Appellant to 30 years in prison. (C.R. 106-07). The Second Court of Appeals issued a Memorandum Opinion reversing the trial court's judgment and remanding the case for a new trial. *See Dabney v. State*, No 02-12-00530-CR, 2014 WL 5307178 (Tex. App.—Fort Worth Oct. 16, 2014) (mem. op.). The State petitioned this Court for review.

## Statement Regarding Oral Argument

Because the law on abuse of discretion and utilizing rebuttal evidence to respond to a defensive theory advanced by Appellant during voir dire and opening statements is so well-settled and the Second Court of Appeals' Memorandum Opinion is so contrary to the law, the questions for review involving the admission of extraneous offense evidence for the limited purpose of rebuttal may be resolved without oral argument.

## Issues Presented

(1) Did the Memorandum Opinion incorrectly add a notice requirement for rebuttal evidence that the State used to rebut Appellant's defensive theory after Appellant's counsel opened the door to such evidence in voir dire and in opening statement?

(2) Did the Memorandum Opinion ignore the Court of Criminal Appeals' directive that a trial judge is afforded almost absolute deference in determining whether a prosecutor acted willfully and thereby improperly substituted its judgment for the trial judge's in finding the prosecutor was engaging in gamesmanship instead of legitimately rebutting a defensive theory?

(3) Did the Memorandum Opinion, in its harm analysis, improperly ignore the overwhelming evidence of Appellant's guilt, including the fact that he absconded during trial and was absent for closing arguments at guilt/innocence?

## Statement of Facts

Before trial, Appellant had requested notice of extraneous offenses that the State intended to prove under Rule 403 or at punishment. (C.R. 26-27). Additionally, Appellant had requested notice of prior convictions. (C.R. 26-27). The trial court signed a pretrial order informing the State to "provide reasonable notice of any extraneous offenses it intends to introduce at trial." (C.R. 28). The State provided notice of its intent to use a Driving While Intoxicated extraneous offense at the punishment phase. (C.R. 61-62). The State also provided notice of its intent to offer prior convictions. (C.R. 56-57). A conviction in cause 42,51-7-A was included in the notice of prior convictions the prosecutor tendered to the defense 10 months before trial. (C.R. 56-57).

During voir dire and opening statements, Appellant's counsel advanced a defensive theory that Appellant lacked any knowledge of the meth lab discovered on Appellant's property. (R.R. 4:146-47, 155-57; 5:16-22). Specifically, in opening the defense claimed that Appellant was the victim of his guests, who mischievously established a meth lab on his property while he was away and that Appellant returned home to his property shortly before the police raid and was the victim of a series of unfortunate circumstances that put him at the wrong place at the wrong

1

time. (R.R. 5:16-22).

The State then sought permission to rebut Appellant's defensive theory by presenting evidence that linked Appellant to a previous meth lab on his same property. (R.R. 6:9-15). This rebuttal evidence came out of the conviction in 42,517-A was in the State's notice of intent to offer prior convictions.[1] (R.R. 6:13).

Even though the evidence was offered to rebut the defensive theory advanced in opening and voir dire, Appellant objected, claiming lack of notice under Rule 404(b). (R.R. 6:24). At the conclusion of the hearing, the trial court permitted the State to present the rebuttal evidence of the previous meth lab. (R.R. 6:21).

## Summary of the Argument

Through a Memorandum Opinion, the Second Court of Appeals has manufactured out of whole cloth a previously non-existent notice requirement for rebuttal evidence to refute a defensive theory advanced by Appellant in voir dire and in opening statements.

Ignoring the directive of this Court that a trial judge be afforded almost absolute deference on the question of whether a prosecutor acted

---

[1]Ten months before trial, the State gave the defense notice of intent to offer prior convictions for punishment and for impeachment. (C.R. 56-57). While this notice was not for the purpose of rebuttal evidence, it showed the defense was not surprised that Appellant had said conviction. (C.R. 56-57).

2

willfully, the Memorandum Opinion engaged in rank speculation and impugned the motives of the prosecutor in seeking to admit the rebuttal evidence. No evidence in the record supported the Memorandum Opinion's speculation as to the prosecutor having impure motives for offering the rebuttal evidence. Additionally, the trial judge, who was in the best position to determine whether the evidence was offered truly for rebuttal purposes rather than as part of some sneaky trial stratagem to circumvent notice requirements, implicitly found by admitting the rebuttal evidence that the prosecutor was not acting in bad faith. The dissent eloquently explained that the Memorandum Opinion should not have guessed about the motives of the prosecutor, but should have deferred to the judgment of the trial judge who actually observed the proceedings and saw first-hand the need for the rebuttal evidence to refute the defensive theory.

Finally, the Memorandum Opinion failed to follow the directive of this Court and consider the overwhelming guilt of the defendant when conducting its harm analysis. The evidence at trial demonstrated that Appellant had exclusive control over the premises with the lab, that Appellant was physically present when officers arrived and smelled the overwhelming odor of the meth lab on the property, Appellant had the smell

3

of ether—a meth lab component—on his person, and Appellant had a surveillance system with monitors in his bedroom that are commonly used by meth cooks to secure property. Additionally, Appellant absconded and was absent for closing arguments at guilt innocence. Thus, the overwhelming evidence of Appellant's guilt militates against a finding of harm.

## Argument

**I.    Appellant was not entitled to notice of rebuttal evidence used to rebut Appellant's defensive theory that Appellant's counsel advanced in voir dire and in opening statement.**

The Memorandum Opinion has improperly created a notice requirement for rebuttal evidence used to refute a defensive theory advanced by defense counsel in voir dire and opening statement. When a defensive theory is raised by the defense, the door is opened for the state to employ rebuttal evidence concerning an extraneous offense. *Powell v. State*, 63 S.W.3d 435, 439-40 (Tex. Crim. App. 2001). Rebuttal evidence is admissible when it has relevance aside from proving character conformity. *See Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

Here the rebuttal evidence is relevant apart from character conformity. Appellant was charged with manufacturing methamphetamine. The rebuttal evidence revealed that officers previously located a

4

methamphetamine laboratory on Appellant's property. (R.R. 6:23-27). This evidence was highly relevant to rebut Appellant's defensive theory that he was simply the victim of a series of unfortunate events being in the wrong place at the wrong time with the wrong people. (R.R. 4:146-47, 155-57; 5:16-22). Appellant's defensive theory was the equivalent of claiming that lightning struck. But, Professor Wigmore's doctrine of chances advises that "highly unusual events are unlikely to repeat themselves inadvertently or by happenstance." *See Mark de la Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009). Thus, Appellant's participation in a previous meth lab on the same property demonstrated that this was not a lightning-strike-type chance occurrence.

In *Powell*, during opening statements, appellant claimed that he lacked the opportunity to molest the victim due to the presence of other persons in the room. 63 S.W.3d at 436. The court determined that the door was opened to rebut defendant's defensive theory of lack of opportunity by admission of rebuttal evidence that the defendant molested others under similar circumstances. *Id.* at 438-40.

The defense opening statement informs the State and the jury of "the nature of the defenses relied upon and the facts expected to be proved in their support." *Bass v. State*, 270 S.W.3d 557, 563 n. 7 (Tex. Crim. App.

5

2008).  Certain defensive theories in opening open the door to the admission of rebuttal evidence.  *Id.*  The State is not required to wait until after the defense's case-in-chief to rebut the defensive theory advanced in opening; rather, the State may rebut the defensive theory in the State case-in-chief.  *Id.*

This Court has repeatedly explained that when the defense advances a defensive theory in opening and/or through the questioning of witnesses, this entitles the State to rebut that theory.  *See id.* at 562; *Mark de la Paz v. State*, 279 S.W.3d 336, 344-45 (Tex. Crim. App. 2009). "Our case law supports a decision that a defense opening statement, like that made in this case, opens the door to the admission of extraneous-offense evidence, like that admitted in this case, to rebut the defense theory presented in the defense opening statement." *Bass*, 270 S.W.3d at 562.

When the defense "chooses to make its opening statement immediately after the State's opening statement, the State may reasonably rely on this defensive opening statement as to what evidence the defense intends to present and rebut this anticipated defensive evidence during its case-in-chief as opposed to waiting for rebuttal." *Id.* at 563.

In this case, Appellant's trial counsel unequivocally presented his defensive theory during opening statement:

This case – I have talked to you about movies where an innocent person is found in suspicious circumstances and they're arrested, convicted, sent to prison, and they escape. In the rest of the movie they're trying to show themselves to be innocent when they are, in fact, innocent. That's what happens in this case. Ronnie [Appellant] is living that in real life. (R.R. 5:16-17).

Appellant claimed in opening that his friends, without his knowledge, started a meth lab on his property while he was away and that the Defendant "didn't know [the meth lab] was going on; he didn't give permission; and he wasn't assisting or aiding" the meth lab. (R.R. 5:16-22). Thus, defense counsel forcefully argued that Appellant was merely the victim of unfortunate circumstances and devious friends who started a meth lab on his property without his knowledge or consent and that Appellant came home to discover the meth lab shortly before the police arrived, putting him the wrong place at the wrong time. (R.R. 5:16-22).

Texas law clearly permits the State to rebut such an unambiguously advanced defensive theory. *See generally Jaubert v. State*, 74 S.W.3d 1, 8 (Tex. Crim. App. 2002) (explaining that the State is entitled "to walk through the open door" once the defense advances certain defensive theories); *see also Bass*, 270 S.W.3d at 563 (holding rebuttal evidence is admissible to counter a defensive theory of "fabrication" or "frame-up").

Additionally, Texas law does not require the State to provide notice of

7

rebuttal evidence because, by its very nature, it rebuts a theory advanced by the defense. *See Gipson v. State*, 619 S.W.2d 169 (Tex. Crim. App. 1981). Since the defense, not the State, determines what defensive theories are advanced, the State cannot predict what evidence will be used as rebuttal evidence before the trial. *See id.*

In *Gipson*, a defendant charged with rape claimed, at the punishment phase, that he only raped the victim because he was threatened by a co-defendant. *Id.* at 169-70. The State countered with rebuttal testimony of a previous victim who was raped by the defendant. *See id.* When the defense complained on appeal that it was entitled to notice of this rebuttal extraneous offense evidence, this Court rejected that claim:

> In this trial the State did not offer, and could not have offered, the proof of the [second rape] in its case-in-chief. It was a rebuttal to the appellant's evidence in mitigation. In such a situation the *defendant, rather than the State, determines whether a contested issue will be raised*, and his determination will not be made known until he presents his case. It would be *practically impossible* for the State to give notice until that time, as it did in this case. The appellant did not claim that he was surprised, and did not ask for a continuance. The trial court did not err in receiving this rebuttal evidence on the question of punishment.

*Id.* at 170-71 (emphasis added); *see also Hoagland v. State*, 494 S.W.2d 186, 189 (Tex. Crim. App. 1973) ("To require the State to anticipate any possible defense of an accused…would be to require an impractical and

8

undue burden.").

Rule 404(b)'s notice requirement does not apply to rebuttal evidence used to counter defensive theories. *See Yohey v. State*, 801 S.W.2d 232 (Tex. App.—San Antonio 1990, pet. ref'd). "By its very terms the notice requirements [of 404(b)] are not applicable to rebuttal evidence." *Washington v. State*, 943 S.W.2d 501, 506 (Tex. App.—Fort Worth, 1997, pet. ref'd).

"Notice of intent" only applies when there is actual intent to utilize the evidence. There is no evidence in the record that the prosecutor had any such intent to use this rebuttal evidence until after defense counsel advanced his defensive theory in voir dire and opening statement. (R.R. 6:9-21).

"The State cannot intend to introduce true rebuttal evidence before trial. Evidence that is offered in rebuttal cannot be foreseen because the State does not know what theories the defendant will advance . . . ." *Id*. While the court in *Washington* was considering rebuttal evidence offered at punishment, the reasoning equally applies to rebuttal evidence offered at guilt/innocence to rebut a defensive theory. *Id*.

Contrary to the Memorandum Opinion's speculation, there was no evidence in this case that the State knew before trial that the defense

attorney would advance the "my-friends-started-a-meth-lab-on-my-property-and-I-just-came-home-right-before-the-cops-showed-up" defense. (R.R. 6:9-24).

Furthermore, in her dissent Justice Walker persuasively argues that even if the State suspected that Appellant might advance the "wrong person, wrong place, wrong time" defensive theory, this "did not require the State to give notice of an extraneous offense it had no intent to introduce in its case-in-chief, but which might nonetheless become admissible if the defense opened the door to the offense." *See Dabney*, 2014 WL 5307178 at *10.

By crafting a new notice requirement for such rebuttal evidence that has never before existed in Texas law, the Memorandum Opinion creates the absurd result whereby the State must divine any and every possible defensive theory the defense might advance and then give notice of what evidence it might need to respond to whatever defensive theories the defense might advance.

This new notice requirement for rebuttal evidence is even more absurd when considering that other than the insanity defense, the defense does not have to disclose to the State pre-trial what defensive theories (such as alibi) it may advance. Tex. Code Crim. Proc. arts. 37-39.

**II.** **The Memorandum Opinion ignored the Court of Criminal Appeals' directive that the trial judge is afforded almost total deference on whether the prosecutor's conduct was less than willful and improperly substituted its judgment for the trial judge's that the prosecutor was engaging in gamesmanship rather than rebutting a defensive theory.**

The Memorandum Opinion failed to defer to the trial judge's implicit finding that the prosecutor's actions were not a willful attempt to circumvent the discovery order but were a sincere attempt to rebut a defensive theory. (R.R. 6:21, 24). Rather, the Memorandum Opinion engaged in rank speculation, without any support in the record, as to the prosecutor's motives. *See Dabney*, 2014 WL 5307178 at *8.

This Court, in *Francis v. State*, said that in examining a prosecutor's motives on whether a prosecutor acted to willfully circumvent a discovery order, the trial judge is owed "almost absolute deference to the [trial judge's] implicit conclusion that the prosecutor's conduct was less than willful." 428 S.W.3d 850, 856 (Tex. Crim. App. 2014).

Rather than deferring to the trial judge's assessment that the State was truly offering the evidence for rebuttal purposes, the Memorandum Opinion unfairly speculates and impugns the prosecutor's motives for offering the evidence. *See Dabney*, 2014 WL 5307178 at *8. Nowhere in the Memorandum Opinion does the author show any deference to the trial judge's determination that the prosecutor was sincerely offering the

11

evidence for rebuttal purposes rather than engaging in trial-by-ambush gamesmanship. *See id.* at *1-9.

A trial court's decision to admit or exclude relevant evidence is reviewed under an abuse of discretion standard. *See Montgomery v. State*, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). If the trial court's ruling was "within the zone of reasonable disagreement," the court's decision will be sustained. *Id.* at 391. This standard holds true within the context of a violation of a discovery order. *See Francis*, 428 S.W.3d at 855.

A trial court's ruling on admissibility should not be overturned merely because an appellate judge may have decided a question differently than the trial judge. *See Montgomery*, 810 S.W.2d at 391. Here the trial court's decision was well "within the zone of reasonable disagreement" and should not have been reversed by the Memorandum Opinion.

**A.    The Trial Court's decision to admit extraneous offense evidence for rebuttal purposes fell within the zone of reasonable disagreement.**

The State's proffered testimony that Appellant had a previous meth lab at his residence rebuts the "my-friends-did-it-without-my-knowledge-and-I-just-arrived-back-with-no-clue" defense. (R.R. 5:16-22). At trial, the State cited to Professor Wigmore's Doctrines of Chances. (R.R. 6:12).

12

This doctrine teaches that "highly unusual events are unlikely to repeat themselves inadvertently or by happenstance." (R.R. 6:12). Appellant's defense that the meth lab was created without his knowledge becomes considerably less probable when one learns that Appellant had previously operated a meth lab on the same premises. Lightning may strike once, but rarely twice.

Evidence of an extraneous offense that has a tendency to make more or less probable an evidentiary fact or an elemental fact or to rebut a defensive theory is relevant apart from its tendency to prove a person's character or conformity. *Montgomery*, 810 S.W.2d at 386-87; *Johnson v. State*, 932 S.W.2d 296, 301 (Tex. App.—Austin 1996, pet ref'd). But, such evidence is still subject to exclusion under Rule 403, if the probative value of evidence is substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403; *see also Alba v. State*, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995).

Here, the probative value of the rebuttal evidence is not substantially outweighed by its prejudicial nature. First, Appellant did not object at trial that the probative value of the rebuttal evidence was substantially outweighed by its prejudicial nature. (R.R. 6:24). Second, the probative value of this evidence was not substantially outweighed by its prejudicial

13

nature because the rebuttal evidence casts serious doubt on Appellant's defensive theory that his guests facilitated a meth lab on his property without his knowledge. Under Professor Wigmore's doctrine of chances, highly unusual events are unlikely to repeat themselves inadvertently or by happenstance. *See Mark de la Paz*, 279 S.W.3d 336.

Thus, the fact that Appellant had previously operated a meth lab on his property would substantially decrease the likelihood of his defensive theory: that his rogue guests created a lab on his property without his knowledge and that he had arrived at the lab moments before the police arrived. Therefore, the trial judge was correct in finding that the probative value of the evidence in rebutting the defensive theory was not substantially outweighed by its prejudicial effect. When there is reasonable disagreement concerning the admission of evidence, a trial court's determination will be sustained. *See Montgomery*, 810 S.W.2d 372 at 391; *Wheeler v. State*, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002).

**B.    The Memorandum Opinion engaged in improper speculation that the State willfully violated a discovery order.**

Justice Walker, in her dissent, excoriated the Memorandum Opinion's author for speculating as to the prosecutor's motives for offering the rebuttal evidence. *See Dabney*, 2014 WL 5307178 at *10.

14

**1. There was no affirmative evidence in the record to support the Memorandum Opinion's guess as to the prosecutor's motives.**

At the hearing on the prosecutor's request to admit the rebuttal evidence, the record is devoid of any evidence to show the prosecutor was acting with a bad-faith manipulative trial strategy. (R.R. 6:9-21). The Memorandum Opinion fails to cite to a single piece of evidence in the record to support its speculation that the prosecutor was engaging in gamesmanship rather than legitimately attempting to rebut a defensive theory raised by the defense in voir dire and opening. *See Dabney*, 2014 WL 5307178 at *1-8.

Importantly, the trial judge who signed the discovery order was in a far better position than the author of the Memorandum Opinion to inquire about and discern any subjective motive of the prosecutor. *See Francis*, 428 S.W.3d at 855. In fact, it was the trial judge's discovery order that the Memorandum Opinion claims the prosecutor sneakily plotted to circumvent. (C.R. 28). The trial judge, being physically present at the proceedings, was in a far superior position to determine whether the prosecutor truly needed the evidence to rebut the defensive theory or whether the prosecutor was playing fast and loose with his discovery order. *See Francis*, 428 S.W.3d at 855. The trial judge found no such motive to circumvent his discovery order as shown by his admission of the rebuttal evidence. (R.R. 6:24).

15

Thus, Justice Walker, in her powerful dissent, was correct that since there was no evidence in the record that the "State intended to introduce the extraneous offense evidence yet engaged in the 'manipulative strategy' of reserving such evidence as rebuttal evidence," the appellate court "should not so speculate." *Dabney*, 2014 WL 5307178 at *10.

**2.    The Memorandum Opinion minimizes the fact that the prosecutor had noticed Appellant 10 months before the trial started of the conviction that formed the basis of the evidence the State used to rebut Appellant's defensive theory.**

While insinuating that the State's actions constituted "legal gamesmanship and trial by ambush," the Memorandum Opinion downplays the fact that 10 months before trial the prosecutor noticed the defense of the conviction which formed the basis of the rebuttal evidence. (C.R. 56-57). Thus, defense counsel was on notice that his client had a similar drug conviction and should have asked his client about the nature of the prior conviction before choosing which defensive theories to advance in opening.

So, the Memorandum Opinion failed to properly defer to the trial judge's decision to admit the rebuttal evidence since the trial judge was in a superior position to determine the subjective motive of the prosecutor and the record shows no affirmative bad faith motivation by the prosecutor. Because the trial judge's decision to admit the rebuttal evidence after a full

16

hearing on the matter was within the zone of reasonable disagreement, the Memorandum Opinion erred in failing to defer to the trial judge.[2]

**III.    Appellant suffered no harm by the admission of the rebuttal evidence    because of the overwhelming evidence of Appellant's guilt including the    fact that Appellant absconded and was absent for closing arguments.**

Strangely, the Memorandum Opinion never considers the evidence of Appellant's guilt as part of its harm analysis.  *See*, *Dabney*, 2014 WL 5307178 at *9-10.  This Court has explained that overwhelming evidence of guilt is a factor to be considered and a harm analysis for nonconstitutional error.  *See Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002) ("We hold once again that the evidence of the defendant's guilt is a factor to be considered in any thorough harm analysis.").

---

[2]The Memorandum Opinion's reliance upon *Oprean v. State*, is misplaced.  201 S.W.3d 724 (2006).  In *Oprean*, affirmative evidence in the record existed that the prosecutor acted willfully to disobey a discovery order.  *Id*. at 727. Specifically, the prosecutor the night before the punishment hearing told the defense attorney she only intended to offer judgments and prior convictions; however, at the punishment hearing she offered a DWI video that had never been available to the defense.  *Id*.  When confronted with the discovery order, the prosecutor in *Oprean* claimed the discovery order did not apply to punishment evidence.  *Id*.

In this case, no evidence existed that the prosecutor intentionally attempted to circumvent the discovery order and always intended to offer the evidence of the prior meth lab.  (R.R. 6:9-21).  Rather, the trial judge explicitly found that the prosecutor needed the evidence to rebut the defensive theory advanced in opening.  (R.R. 6:21). By admitting the evidence and rejecting the defense's lack of notice objection, the trial judge's ruling implicitly found that the prosecutor was not acting willfully to avoid a discovery order.  (R.R. 6:9-24).

17

First, Appellant was living at the property where the meth lab was found and had control of the premises. (R.R. 5:56, 89-90). Second, the odor of the meth lab was so strong that an officer driving by could smell it from the roadway. (R.R. 5:51-52). Third, Appellant was physically present on the property when the officers arrived and smelled the strong odor of the meth lab. (R.R. 5:55-56). Fourth, Appellant had the strong odor of ether, a component in making meth, on his person. (R.R. 6:65,68,71). Fifth, in a bedroom of the trailer on the property which contained mail addressed to Appellant, officers located monitors for a surveillance system on the property. (R.R. 5:98). A veteran narcotics officer testified that such a surveillance system is common on property where the owner wants to cook meth. (R.R. 5:98). Thus, the evidence of Appellant's guilt as a party to the meth lab on property under his control, on property on which he was physically present at the time officers smelled the odor of the meth lab from the road, and with the smell of ether, a component in the meth-making process on his person, was overwhelming. (R.R. 5:51-56,98, 6:65,68,71).

Additionally, Appellant absconded during trial and was absent for closing argument at guilt/innocence. (R.R. 7:4-5). Appellant's empty chair during closing proclaimed his guilt as loudly as all the evidence introduced at trial. *See, e.g., California v. Hodari D.*, 499 U.S. 621 (1991) (citing the

18

proverb "The wicked flee when no man pursueth."). The Memorandum Opinion, in its harm analysis, never mentions Appellant's absconding. *See Dabney*, 2014 WL 5307178 at *9-10.

Thus, the evidence of Appellant's guilt was overwhelming and Appellant could not show harm by admission of the rebuttal evidence.

## Conclusion

The Memorandum Opinion erred in three significant ways: first, it crafts an unworkable notice requirement for rebuttal evidence that is completely contrary to binding precedent from this Court. Second, it improperly substitutes its own judgment for that of the trial judge by speculating about the prosecutor's motive in offering the rebuttal evidence. The appellate court, unlike the trial judge, conducted no evidentiary hearing to discern the prosecutor's motives and no evidence in the record supported the Memorandum Opinion's impugning of the prosecutor's motives, especially when the trial judge implicitly found no such bad faith. Third, the Memorandum Opinion also ignored this Court's directive that in conducting a harm analysis, an appellate court should consider the overwhelming guilt of the defendant. Nowhere in the Memorandum Opinion does it mention the overwhelming evidence that demonstrated Appellant's guilt, including the fact that Appellant absconded before closing

arguments at guilt/innocence.

Justice Walker's powerful and persuasive dissent coupled with the significant departure of the Memorandum Opinion from the binding precedent of this Court highlights the importance of this Court granting review and overturning the Memorandum Opinion and affirming the judgment of the trial court.

**Prayer**

The State prays that this Court reverse the Second Court of Appeals' decision; and that the judgment of the trial court be affirmed in all respects and for such further relief to which the State may justly be entitled.

Respectfully submitted,

/s/ John R. Gillespie
John R. Gillespie
First Assistant District Attorney
Wichita County, Texas
State Bar No. 24010053
Wichita County Courthouse
900 7th Street
Wichita Falls, Texas 76301
(940) 766-8113
Fax: (940) 766-8177
Email: John.Gillespie@co.wichita.tx.us

/s/ John Brasher
John Brasher
Asst. Crim. Dist. Attorney
Wichita County, Texas
State Bar No. 02907800

**Certificate of Compliance**

I certify that this brief contains 4,301 words, after the applicable exclusions.

  /s/ John R. Gillespie         
John R. Gillespie

**Certificate of Service**

I hereby certify that on March 31, 2015, I electronically filed the foregoing document with the clerk of court for Texas Court of Criminal Appeals, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record: Mark H. Barber, Mbarberlaw@aol.com; and to the State Prosecuting Attorney, at information@spa.texas.gov, P.O. Box 13046, Austin, TX 78711-3046, on this the 31st Day of March, 2015.

  /s/ John R. Gillespie         
John R. Gillespie
