ACCEPTED
06-15-00042-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/4/2015 2:29:00 PM
DEBBIE AUTREY
CLERK

**No. 06-15-0042-CR**
**06-15-0043-CR**
**06-15-0044-CR**
**06-15-0045-CR**
**06-15-0046-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

6/4/2015 2:29:00 PM

DEBBIE AUTREY
Clerk

IN THE SIXTH COURT OF APPEALS

at TEXARKANA

_____

**RICHARD DARBY, III,**

*Appellant*

**vs.**

**STATE OF TEXAS,**

*Appellee*

_____

Appeal from the 102nd District Court
of Bowie County, Texas

_____

**APPELLANT'S BRIEF**

_____

Troy Hornsby

*Miller, James, Miller & Hornsby, L.L.P.*
1725 Galleria Oaks Drive
Texarkana, Texas 75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant
Richard Darby, III

Oral Argument Requested

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the following is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

| **Appellant** | **Appellant's appellate counsel** |
|---|---|
| Richard Darby, III | Troy Hornsby<br>*Miller, James, Miller, & Hornsby, LLP*<br>1725 Galleria Oaks Drive<br>Texarkana, Texas 75503 |
| | **Appellant's trial counsel** |
| | Will Williams<br>Bowie Co. Public Defender's Office<br>424 W. Broad Street<br>Texarkana, Texas 75501 |
| **Appellee** | **Appellee's appellate/trial counsel** |
| State of Texas | Kelley Gossett Crisp<br>Bowie County Dist. Attorney's Office<br>601 Main Street<br>Texarkana, Texas 75501 |

## TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Statement of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

    **Issue 1:**    Did the State prove beyond a reasonable doubt that Darby committed two unadjudicated sexual assaults?. . . . . . . . . . . 20

            Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

            Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

            Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

            Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

    **Issue 2:**    Was the probative value of two unadjudicated sexual assaults by Darby substantially outweighed by the danger of unfair prejudice?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

            Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

            Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

            Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

                  (1)    Probative Force . . . . . . . . . . . . . . . . . . . . . . . . 30

                  (2)    State's Need for Evidence . . . . . . . . . . . . . . . . 31

(3) Tendency to Suggest Decision on Improper Basis . . . . . . . . . . . . . . . . . . . . . . . . . . 31

(4) Tendency to Confuse or Distract . . . . . . . . . . . 32

(5) Tendency to Be Given Undue Weight . . . . . . . . 33

(6) Consume Time . . . . . . . . . . . . . . . . . . . . . . . 33

Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

**Issue 3:** Was evidence of an alleged discussion of escape by Darby properly admitted as impeachment evidence? . . . . . . . . . . . . 35

Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

**Issue 4:** Was a proper foundation laid for the admission of a conversation between Darby and his father at the jail regarding escape? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

**Issue 5:** Darby was convicted of a third degree felony of evading arrest (with a vehicle). Should this have been a state jail felony pursuant to the contradictory Texas Penal Code section 38.04? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

**Issue 6:** Darby's judgment for aggravated robbery (of a senior) incorrectly reflected a plea of not guilty . . . . . . . . . . . . . . . .55

**Issue 7:** Darby's judgment for aggravated robbery (with a deadly weapon) incorrectly reflected a plea of not guilty . . . . . . . . .55

**Issue 8:** Darby's judgment for aggravated robbery (with a deadly weapon) incorrectly reflected a plea of not guilty . . . . . . . . .55

Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

CASES:                                                                                                    PAGE

*Adetomiwa v. State*,
421 S.W.3d 922 (Tex. App.–Fort Worth 2014, no pet.) . . . . . . . . . . . 51,52

*Aldrick v. State*,
104 S.W.3d 890 (Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 48

*Angleton v. State*,
971 S.W.2d 65 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 43

*Brumit v. State*,
206 S.W.3d 639 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 48

*Caballero v. State*,
919 S.W.2d 919 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) . . . . 29

*Champion v. State*,
281 S.W. 546 (Tex. Crim. App. 1926) . . . . . . . . . . . . . . . . . . . . . . . . . . 56

*Davis v. State*,
315 S.W.3d 908 (Tex. App.—Houston [14th Dist.] 2010),
*rev'd on other grounds*, 349 S.W.3d 517 (Tex. Crim. App. 2011) . . . . . . . 25

*Ex parte Beck*,
922 S.W.2d 181 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 48

*Ex parte Pena*,
71 S.W.3d 336 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 48

*Ex parte Williams*,
AP-76,455 (Tex. Crim. App. June 13, 2012)(mem. op.) . . . . . . . . . . . . . 38

*Fletcher v. State*,
852 S.W.2d 271 (Tex. App.—Dallas 1993, pet. ref'd) . . . . . . . . . . . . . . . 29

*Flores v. State*,
125 S.W.3d 744 (Tex. App.—Houston [1st Dist.] 2003, no pet.) . . . . . . . . 29

*Garcia v. State*,
149 S.W.3d 135 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 47

*Gigliobianco v. State*,
    210 S.W.3d 637 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Gipson v. State*,
    619 S.W.2d 169 (Tex. Crim. App. 1981) . . . . . . . . . . . . . . . . . . . . . . 38,39

*Gray v. State*,
    628 S.W.2d 228 (Tex. App.—Corpus Christi 1982, pet. ref'd) . . . 55,56,57

*Green v. State*,
    840 S.W.2d 394 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Hall v. State*,
    13 S.W.3d 115 (Tex. App.–Fort. Worth 2000),
    *pet. dism'd, improvidently granted*,
    46 S.W.3d 264 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Hayden v. State*,
    296 S.W.3d 549 (Tex. Crim. App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Heath v. State*,
    817 S.W.2d 335 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Hernandez-Munoz v. State*,
    No. 14-11-00730-CR
    (Tex. App.–Houston [14th Dist.] Dec. 28, 2012, no pet.) . . . . . . . . . . . . . 38

*Ivey v. State*,
    250 S.W.3d 121 (Tex. App.—Austin 2007),
    *aff'd*, 277 S.W.3d 43 (Tex. Crim. App. 2009) . . . . . . . . . . . . . . . . . . . . . . 25

*Ivory v. State*,
    632 S.W.2d 614 (Tex. Crim. App. [Panel Op.] 1982) . . . . . . . . . . . . . . . . 49

*Jackson v. State*,
    575 S.W.2d 567 (Tex. Crim. App.1979) . . . . . . . . . . . . . . . . . . 21,28,36,42

*Jaubert v. State*,
    74 S.W.3d 1 (Tex. Crim. App.), *cert. denied*, 537 U.S. 1005 (2002) . . . . 38

*Johnson v. State*,
    698 S.W.2d 154 (Tex. Crim. App. 1985),
    *cert. denied*, 107 S.Ct. 239 (1986) . . . . . . . . . . . . . . . . . . . . . . 21,28,36,42

*Johnson v. State*,
967 S.W.2d 410 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . 25,34,39,46,53

*Johnson v. State*,
43 S.W.3d 1 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . 25,34,39,40,46,53

*King v. State*,
953 S.W.2d 266 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . 25,34,39,45,53

*Luna v. State*,
288 S.W. 465 (Tex. Crim. App. 1926) . . . . . . . . . . . . . . . . . . . . . . . 55,56,57

*Marin v. State*,
851 S.W.2d 275 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 47

*McFarland v. State*,
845 S.W.2d 824 (Tex. Crim. App. 1992),
*overruled in part on other grounds by Bingham v. State*,
915 S.W.2d 9 (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Mendez v. State*,
138 S.W.3d 334 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . 20,27,35,41,47

*Mitchell v. State*,
931 S.W.2d 950 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Mizell v. State*,
119 S.W.3d 804 (Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . 48,49

*Montgomery v. State*,
810 S.W.2d 372 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Mosley v. State*,
983 S.W.2d 249 (Tex. Crim. App. 1998) (op. on reh'g),
*cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550
(1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20,27,35,41,47

*Motilla v. State*,
78 S.W.3d 352 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Ramsey v. Dunlop*,
146 Tex. 196, 205 S.W.2d 979 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . 48

*Reese v. State*,
    33 S.W.3d 238 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Rodriguez v. State*,
    71 S.W.3d 800 (Tex. App.—Texarkana 2002, no pet.) . . . . . . . . . . . . . . 48

*Rogers v. State*,
    991 S.W.2d 263 (Tex. Crim. App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Ruiz v. State*,
    579 S.W.2d 206 (Tex. Crim. App. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Rushing v. State*,
    50 S.W.3d 715 (Tex. App.—Waco 2001),
    *aff'd*, 85 S.W.3d 283 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . 48

*Santellan v. State*,
    939 S.W.2d 155 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . 21,28,36,42

*Schutz v. State*,
    63 S.W.3d 442 (Tex. Crim. App. 2001) . . . . . . . . . . . . . 25,34,39,40,46,53

*Smith v. State*,
    899 S.W.2d 31 (Tex. App.–Austin 1995, pet. ref'd) . . . . . . . . . . . . . . 30,31

*Speth v. State*,
    6 S.W.3d 530 (Tex. Crim. App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Splawn v. State*,
    160 S.W.3d 103 (Tex. App.–Texarkana 2005, pet. ref'd) . . . . . . . . . . . . . 53

*State v. Sneed*,
    No. 09-14-00232-CR (Tex. App.–Beaumont Sept. 24, 2014, no pet) . . . . 52

*Torres v. State*,
    794 S.W.2d 596 (Tex. App.—Austin 1990, no pet.) . . . . . . . . . . . . . . . . . 29

*Wall v. State*,
    184 S.W.3d 730 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 56

*Werner v. State*,
    711 S.W.2d 639 (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . . . 21,28,36,42

**STATUTES/RULES:**

Tex. Code Crim. Pro. Ann. art. 37.07 § 3 (West supp. 2014) . . . . . . 22,23,25,31,37

Tex. Code Crim. Proc. Ann. art. 44.29(b) (West supp. 2012) . . . . . . . . . . . . . . . 53

Tex. Pen. Code Ann. §12.34 (West 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

Tex. Pen. Code Ann.§12.35 (West supp. 2014) . . . . . . . . . . . . . . . . . . . . . 52,53

Tex. Pen. Code Ann. §38.04 (West supp. 2014) . . . . . . . . . . . . . . . . . . . . . 50,51

Tex. R. App. P. 33.1 . . . . . . . . . . . . . . . . . . . . . . . . 20,27,35,41,47,55

Tex. R. App. P. 44.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25,34,39,45,53

Tex. R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17,27,28,29,30

Tex. R. Evid. 901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42,43,44,45

**OTHER:**

WEBSTER'S THIRD NEW INT'L DICTIONARY 1921 (1981) . . . . . . . . . . . . . . . . . . . . 39

*Nature of case:*  This is an appeal from convictions for the offenses of:

> (1) evading arrest (with a vehicle),
>     14F98-102 (C.R. [6-15-42-CR] pg. 124)
> (2) aggravated robbery (of a senior),
>     14F133-102 (C.R. [6-15-43-CR] pg. 128)
> (3) aggravated robbery (deadly weapon),
>     14F179-102 (dollar general)
>     (C.R. [6-15-44-CR] pg. 126)
> (4) aggravated robbery (deadly weapon),
>     14F252-102 (Shell)
>     (C.R. [6-15-46-CR] pg. 123) and
> (5) theft ($1,500 - $20,000),
>     14F180-102 (C.R. [6-15-45-CR] pg. 130)

*Judge/Court:*  Judge Bobby Lockhart sitting in the 102nd District Court of Bowie County, Texas. (C.R. [6-15-42-CR] pg. 124;[6-15-43-CR] pg. 128);[6-15-44-CR] pg. 126;C.R. [6-15-46-CR] pg. 123; [6-15-45-CR] pg. 130).

*Pleas*:  Richard Darby, III (Darby) entered pleas of "guilty" to all of the indictments against him. (R.R. vol. IV pg. 10-17).

*Trial disposition:*  Punishment was tried to a jury which found the following:

> (1) evading arrest (with a vehicle)     10 years
>     (C.R. [6-15-42-CR] pg. 106)
> (2) aggravated robbery (senior)     45 years
>     (C.R. [6-15-43-CR] pg. 107)
> (3) aggravated robbery
>     (deadly weapon)     45 years
>     (C.R. [6-15-44-CR] pg. 108)
> (4) aggravated robbery
>     (deadly weapon)     45 years
>     (C.R. [6-15-46-CR] pg. 110)
> (5) theft ($1,500 - $20,000)     2 years
>     (C.R. [6-15-45-CR] pg. 109)

Those sentenced were imposed by the trial court to run concurrently. (C.R. [6-15-42-CR] pg. 124;[6-15-43-CR] pg. 128);[6-15-44-CR] pg. 126;C.R. [6-15-46-CR] pg. 123; [6-15-45-CR] pg. 130)

## ISSUES PRESENTED

**Issue 1:** Did the State prove beyond a reasonable doubt that Darby committed two unadjudicated sexual assaults?

**Issue 2:** Was the probative value of two unadjudicated sexual assaults by Darby substantially outweighed by the danger of unfair prejudice?

**Issue 3:** Was evidence of an alleged discussion of escape by Darby properly admitted as impeachment evidence?

**Issue 4:** Was a proper foundation laid for the admission of a conversation between Darby and his father at the jail regarding escape?

**Issue 5:** Darby was convicted of a third degree felony of evading arrest (with a vehicle). Should this have been a state jail felony pursuant to the contradictory Texas Penal Code section 38.04?

**Issue 6:** Darby's judgment for aggravated robbery (of a senior) incorrectly reflected a plea of not guilty.

**Issue 7:** Darby's judgment for aggravated robbery (with a deadly weapon) incorrectly reflected a plea of not guilty.

**Issue 8:** Darby's judgment for aggravated robbery (with a deadly weapon) incorrectly reflected a plea of not guilty.

## STATEMENT OF ORAL ARGUMENT

Oral argument might assist the Court in considering the admissibility and impact of the two unadjudicated sexual assaults and the escape discussion.

## STATEMENT OF FACTS

It is undisputed that on January 21, 2014, Darby and another person were walking in a residential area in Nash. (R.R. vol. VII pg. 101-3; vol. VI pg. 263-264). Darby entered a car port, removed an all terrain vehicle and drove it to a nearby wooded area. (R.R. vol. VII pg. 101-3; vol. VI pg. 263-264). Darby soon returned to the wooded area to retrieve and sell the all terrain vehicle. (R.R. vol. VII pg. 101-3; vol. VI pg. 263-264). This was the basis of Darby's conviction for theft ($1,500 to $20,000) in cause number 14-F-180-102 and appeal number 06-15-0045-CR.

It is undisputed that eight days later, on January 29, 2014, Darby entered a Shell gas station in Texarkana, Texas. (R.R. vol. VI pg. 306-310; vol. VII pg. 104-105). Darby's face was covered with a white mask and he was carrying a Derringer pistol. (R.R. vol. VI pg. 306-310; vol. VII pg. 104-105). Darby pointed the gun at the clerk and demanded money and a box of Cigarellos. (R.R. vol. VI pg. 306-310; vol. VII pg. 104-105). The clerk gave Darby $300 to $400 and the Cigarellos and Darby left with both. (R.R. vol. VI pg. 306-310; vol. VII pg. 104-105). This was the basis of Darby's conviction for aggravated robbery (with a deadly weapon) in cause number 14-F-252-102 and appeal number 06-15-0046-CR.

It is also undisputed that six days later, on February 4, 2014, Darby entered a Dollar General store in Nash, Texas. (R.R. vol. VI pg. 266-7; vol. VII pg. 107-110; vol. VII pg. 8-13). Darby's face was covered with a bandana and he was

14

carrying a Derringer pistol. (R.R. vol. VI pg. 266-7; vol. VII pg. 107-110; vol. VII pg. 8-13). Darby pointed the gun at the clerk and demanded money from the safe and cash register. (R.R. vol. VI pg. 266-7; vol. VII pg. 107-110; vol. VII pg. 8-13). The clerk gave Darby about $700 and Darby left with the money. (R.R. vol. VI pg. 266-7; vol. VII pg. 107-110; vol. VII pg. 8-13). This was the basis of Darby's conviction for aggravated robbery (with a deadly weapon) in cause number 14-F-179-102 and appeal number 06-15-0044-CR.

It is undisputed that three days later, on February 7, 2014, Darby saw an elderly woman pulling her car into her driveway in Wake Village. (R.R. vol. VII pg. 113-114; vol. VII pg. 30-35). Darby, his face covered with a bandana, grabbed the woman's purse from her as she was unloading items from her car .(R.R. vol. VII pg. 113-114; vol. VII pg. 30-35). The two scuffled over the purse. (R.R. vol. VII pg. 113-114; vol. VII pg. 30-35). Darby obtained the purse and ran to his car and drove away. (R.R. vol. VII pg. 113-114; vol. VII pg. 30-35). This was the basis of Darby's conviction for aggravated robbery (of a senior) in cause number 14-F-133-102 and appeal number 06-15-0043-CR.

It is undisputed that immediately thereafter, the Wake Village Police Department dispatch notified their officers to be on the lookout for a black male driving a four door red or maroon car, who had just been involved in an aggravated robbery of the elderly woman. (R.R. vol. VII pg. 113-114; vol. VI pg. 292-298). Officers in an unmarked police car and another marked police car spotted a vehicle matching the description, which was driven by Darby. (R.R. vol.

15

VII pg. 113-114; vol. VI pg. 292-298). Both pursued Darby's vehicle, the marked police vehicle pursued with its lights and sirens. (R.R. vol. VII pg. 113-114; vol. VI pg. 292-298). Darby did not pull over, but lead the two policemen on a pursuit. (R.R. vol. VII pg. 113-114; vol. VI pg. 292-298). This was the basis of Darby's conviction for evading arrest (in a vehicle) in cause number 14-F-098-102 and appeal number 06-15-0042-CR.

The State alleges that during pretrial detention at the Bi-State Justice Building, Darby was involved in two sexual assaults of a fellow inmate by several inmates. (R.R. vol. VI pg. 172-199). Additionally, the State alleges that during a jail visit between Darby and his father, Darby discussed escape. (R.R. vol. IX State's Ex. 46). However, Darby contends he was merely joking with his father.

## SUMMARY OF THE ARGUMENT

**Issue 1:**    Did the State prove beyond a reasonable doubt that Darby committed two unadjudicated sexual assaults?

The trial court admitted evidence of Darby's involvement in two unadjudicated sexual assaults. However, the State did not established that these offenses were committed by Darby beyond a reasonable doubt, as required by Texas Code of Criminal Procedure article 37.07.

**Issue 2:**    Was the probative value of two unadjudicated sexual assaults by Darby substantially outweighed by the danger of unfair prejudice?

The probative value of the two unadjudicated sexual assaults by Darby was redundant and therefore, low. However, the unfair prejudicial danger was extremely high. As such, evidence of the two unadjudicated sexual assaults by Darby were inadmissable pursuant to Texas Rule of Evidence 403.

**Issue 3:**    Was evidence of an alleged discussion of escape by Darby properly admitted as impeachment evidence?

The trial court allowed the State to admit evidence of an alleged discussion of escape by Darby, even though the evidence had not been disclosed by the State to Darby prior to trial. This evidence should have been excluded by the trial court because it was not admissible to rebut Darby's testimony of his remorse as to the offenses.

**Issue 4:**     Was a proper foundation laid for the admission of a conversation between Darby and his father at the jail regarding escape?

The State did not establish a complete foundation for the admission of the recorded telephone conversation between Darby and his father regarding escape because the State did not establish that the call involved Darby's phone number, or some other fact linking Darby to the telephone call. Accordingly, the trial court should not have admitted the recording.

**Issue 5:**     Darby was convicted of a third degree felony of evading arrest (with a vehicle). Should this have been a state jail felony pursuant to the contradictory Texas Penal Code section 38.04?

Darby was found guilty of evading arrest (with a vehicle), a state jail felony. Regardless, the judgment reflected a conviction of a third degree felony and the punishment charge contained a third degree felony punishment range. Therefore, Darby received the incorrect punishment range in the punishment charge and a sentence outside the appropriate punishment range.

**Issue 6:**     Darby's judgment for aggravated robbery (of a senior) incorrectly reflected a plea of not guilty.

**Issue 7:**     Darby's judgment for aggravated robbery (with a deadly weapon) incorrectly reflected a plea of not guilty.

**Issue 8:**     Darby's judgment for aggravated robbery (with a deadly weapon) incorrectly reflected a plea of not guilty.

The judgment for aggravated robbery (of a senior) and two judgments

18

for aggravated robbery (with a deadly weapon) all incorrectly reflect that Darby pled not guilty. The three judgments should reflect pleas of guilty. These are typographical errors that this Court should correct on the three judgments.

**Issue 1:**  Did the State prove beyond a reasonable doubt that Darby committed two unadjudicated sexual assaults?

The trial court admitted evidence of Darby's involvement in two unadjudicated sexual assaults.  However, the State did not established that these offenses were committed by Darby beyond a reasonable doubt, as required by Texas Code of Criminal Procedure article 37.07.

**Preservation of Error**

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

After jury selection, but prior to the punishment trial, the trial court held a hearing concerning the admissibility of two unadjudicated sexual assaults involving Darby. (R.R. vol. VI pg. 6-33).  Darby objected to the admission of evidence of the two unadjudicated sexual assaults on several basis, including that

20

the State could not establish the offenses beyond a reasonable doubt. (R.R. vol. VI pg. 6-33). The issue was discussed and debated at great length. (R.R. vol. VI pg. 6-33). Ultimately, the trial court ruled that the two unadjudicated sexual assaults were admissible. (R.R. vol. VI pg. 33).

Later in the trial, the trial court reaffirmed its ruling. (R.R. vol. VI pg. 155-156). Additionally, Darby requested a running objection to any evidence of the two unadjudicated sexual assaults, which was granted by the trial court. (R.R. vol. VI pg. 156). For good measure, at the end of the State's case in chief, Darby requested a directed verdict arguing that the jury should not have heard or considered the two unadjudicated sexual assaults. (R.R. vol. VII pg. 44-46). That motion was denied by the trial court. (R.R. vol. VII pg. 44-46). This motion was renewed by Darby after the defense rested. (R.R. vol. VII pg. 196). Therefore, this issue was preserved for appellate review.

### Standard of Review

The determination of admissibility is within the sound discretion of the trial court, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex. Crim. App.1979), and will not be reversed on appeal unless a clear abuse of discretion is shown." *Werner v. State*, 711 S.W.2d 639, 643 (Tex. Crim. App. 1986); *Johnson v. State*, 698 S.W.2d 154, 160 (Tex. Crim. App. 1985), *cert. denied*, 107 S.Ct. 239 (1986). An appellate court should not find such an abuse of discretion if the trial court's ruling was within the "zone of reasonable disagreement." *Santellan v. State*, 939 S.W.2d

21

155, 169 (Tex. Crim. App. 1997).

More specifically, an appellate court should review a trial court's admission of extraneous-offense evidence under an abuse-of-discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996) (plurality op.). Under this standard, the appellate court will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Hayden v. State*, 296 S.W.3d 549, 553 (Tex. Crim. App. 2009).

**Law and Application**

The trial court admitted evidence of Darby's involvement in two unadjudicated sexual assaults. However, the State did not establish that these offenses were committed by Darby beyond a reasonable doubt which is a prerequisite established by Texas Code of Criminal Procedure article 37.07.

Texas Code of Criminal Procedure article 37.07 provides in relevant part as follows:

> Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty
>
> (a)(1) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, <u>any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible,</u>

22

> regardless of whether he has previously been charged with or finally convicted of the crime or act. . . .

Tex. Code Crim. Pro. Ann. art. 37.07 § 3(a)(1) (West supp. 2014)(emphases added). Therefore, evidence of an unadjudicated extraneous offense must be established beyond a reasonable doubt.

Here, the State presented the testimony of the inmate victim. (R.R. vol. VI pg. 173-260). The victim testified that he was incarcerated in pre-trial detention at the Bi-State Justice Building in a pod used to house younger prisoners. (R.R. vol. VI pg. 173-260). In the pod was the victim, who was physically the smallest and white, and Richard Darby, Gregory Houston, Craig Taylor, Kwesie Wilson and Ayende Germany, who are all larger than the victim and African-Americans. (R.R. vol. VI pg. 173-260). The victim testified that Darby was the main actor in the pod who "orchestrated everything." (R.R. vol. VI pg. 178).

The victim testified that early in their incarceration, the group generally abused and later physically assaulted him. (R.R. vol. VI pg. 177-178). A week later, the group held the victim down and someone sodomized him with a toothbrush. (R.R. vol. VI pg. 183-188). The victim didn't know who physically did so. (R.R. vol. VI pg. 188). In another incident, Darby told the victim to perform oral sex of Gregory and the victim complied. (R.R. vol. VI pg. 192-193). However, no one else was in the cell other than Gregory and the victim and Gregory slapped the victim. (R.R. vol. VI pg. 192-193).

Ayende Germany also testified at trial as to the abuse. (R.R. vol. VI pg. 56-103). Germany testified that Darby sodomized the victim with the toothbrush.

23

(R.R. vol. VI pg. 68-70). Finally, Germany testified that Darby directed the victim into oral sex of Gregory. (R.R. vol. VI pg. 75-77).

Darby admitted that the victim had been physically and sexually assaulted. (R.R. vol. VII pg. 129). However, Darby denied doing so. (R.R. vol. VII pg. 129). Although video cameras recorded the pods, there was no direct video evidence of Darby's involvement. (R.R. vol IX State's Exhibit 4). Rather, Darby testified that he entered a cell with the others to smoke synthetic marijuana with them. (R.R. vol. VII pg. 138). There, Gregory and Taylor became involved in an altercation with the victim. (R.R. vol. VII pg. 138-9). Wilson and Taylor held the victim down while Gregory sodomized the victim with a toothbrush. (R.R. vol. VII pg. 138-140). Finally, Darby testified that Roberts initially agreed with Gregory to perform oral sex on Gregory to stop the assaults. (R.R. vol. VII pg. 150-152). However, the victim later refused and Gregory punched the victim to force him to perform oral sex on Gregory. (R.R. vol. VII pg. 150-152).

Thus, there was evidence of two sexual assaults. In the first assault, the victim was sodomized, but who was physically responsible was contradicted. The victim didn't know who did it; Gregory testified Darby did it; Darby testified Gregory did it. In the second assault, the victim performed oral sex on Gregory. There was some contradicted evidence that Darby merely instructed the victim to do so, but it seems undisputed that Gregory and the victim were in the cell and that Gregory punched the victim to physically force the victim to do so.

Thus, the evidence was not sufficient to establish that Darby was

24

responsible beyond a reasonable doubt. As such, evidence of the two unadjudicated sexual assaults was inadmissable pursuant to Texas Code of Criminal Procedure article 37.07 in all five cases.

**Harmful Error**

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The Appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

To determine whether erroneous admission of such evidence affected a defendant's substantial rights at the punishment phase the appellate court should ask whether the defendant received a longer sentence as a result of the error. *See Davis v. State*, 315 S.W.3d 908, 918-19 (Tex. App.—Houston [14th Dist.] 2010) *rev'd on other grounds*, 349 S.W.3d 517 (Tex. Crim. App. 2011); *Ivey v. State*, 250 S.W.3d 121, 126 (Tex. App.—Austin 2007), *aff'd*, 277 S.W.3d 43

25

(Tex. Crim. App. 2009)). The appellate court should consider everything in the record, including other evidence admitted in the case, the nature of the evidence supporting the jury's determination, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

Here, the evidence of the two unadjudicated sexual assaults resulted in longer sentences for Darby. The offenses were committed in jail by inmates. (R.R. vol. VI pg. 172-199). The offenses were committed against a minor. *Id*. The offenses were committed by minors. *Id*. The offenses were committed by a group of physically large juveniles against a single physically small juvenile. *Id*. The two offenses were sexual in nature, committed by a group of male juveniles against a single male juvenile. *Id*. The specific nature of the two sexual assaults was shockingly demeaning to the victim in nature. *Id*. These factors alone have a strong tendency to grab the jury's attention and suggest a punishment of Darby on the basis of those offenses as opposed to the offenses for which Darby was actually being punished. *Id*. As such, the erroneous admission of the two unadjudicated sexual assaults was harmful to Darby.

**Issue 2:**     Was the probative value of two unadjudicated sexual assaults by Darby substantially outweighed by the danger of unfair prejudice?

The probative value of the two unadjudicated sexual assaults by Darby was redundant and therefore, low. However, the unfair prejudicial danger was extremely high. As such, evidence of the two unadjudicated sexual assaults by Darby were inadmissable pursuant to Texas Rule of Evidence 403.

### Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

After jury selection, but prior to the punishment trial, the trial court held a hearing concerning the admissibility of two unadjudicated sexual assaults involving Darby. (R.R. vol. VI pg. 6-33). There, Darby objected to the admission of evidence of the two unadjudicated sexual assaults on several basis, including Texas Rule of Evidence 403. (R.R. vol. VI pg. 8, 6-33). The issue was discussed

27

and debated at great length.  (R.R. vol. VI pg. 6-33). Ultimately, the trial court ruled that the two unadjudicated sexual assaults were admissible. (R.R. vol. VI pg. 33).

Later in the trial the trial court reaffirmed it's ruling.  (R.R. vol. VI pg. 155-156).  Additionally, Darby requested a running objection to any evidence of the two unadjudicated sexual assaults, which was granted by the trial court.  (R.R. vol. VI pg. 156).  For good measure, at the end of the State's case in chief, Darby requested a directed verdict arguing that the jury should not have heard or considered the two unadjudicated sexual assaults, although he did not specifically re-urge the 403 objection basis. (R.R. vol. VII pg. 44-46).  That motion was denied by the trial court.  (R.R. vol. VII pg. 44-46).  This motion was renewed by Darby after the defense rested.  (R.R. vol. VII pg. 196).   Therefore, this issue was preserved for appellate review.

## Standard of Review

The determination of admissibility is within the sound discretion of the trial court, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex. Crim. App.1979), and will not be reversed on appeal unless a clear abuse of discretion is shown." *Werner v. State*, 711 S.W.2d 639, 643 (Tex. Crim. App. 1986); *Johnson v. State*, 698 S.W.2d 154, 160 (Tex. Crim. App. 1985), *cert. denied*, 107 S.Ct. 239 (1986).   An appellate court should not find such an abuse of discretion if the trial court's ruling was within the "zone of reasonable disagreement." *Santellan v. State*, 939 S.W.2d

28

155, 169 (Tex. Crim. App. 1997).

**Law and Application**

The probative value of the two unadjudicated sexual assaults by Darby was redundant and therefore, low. However, the unfair prejudicial danger was extremely high. As such, evidence of the two unadjudicated sexual assaults involving Darby were inadmissable pursuant to Texas Rule of Evidence 403.

Relevant evidence is generally admissible, but it is properly excluded under Texas Rule of Evidence 403 when "its probative value is substantially outweighed by the danger of unfair prejudice." *Reese v. State*, 33 S.W.3d 238 (Tex. Crim. App. 2000); Tex. R. Evid. 403. "Unfair prejudice" means an undue tendency to suggest a decision on an improper basis. *See Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999); *Flores v. State*, 125 S.W.3d 744, 746 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Almost all evidence offered by the prosecution will be prejudicial to the defendant. Thus, only evidence which is unfairly prejudicial should be excluded. *Caballero v. State*, 919 S.W.2d 919, 922 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd); *Fletcher v. State*, 852 S.W.2d 271, 277 (Tex. App.—Dallas 1993, pet. ref'd). The term refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Torres v. State*, 794 S.W. 2d 596, 600 (Tex. App.—Austin 1990, no pet.).

Texas Rule of Evidence 403 "favors admissibility of relevant evidence, and

29

the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991). In other words, this rule carries with it a presumption that relevant evidence will be more probative than prejudicial. *McFarland v. State*, 845 S.W.2d 824, 837 (Tex. Crim. App. 1992), *overruled in part on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994) (citing *Green v. State*, 840 S.W.2d 394 (Tex. Crim. App. 1992)). The following factors are taken into consideration when undertaking a rule 403 analysis: (1) the inherent probative force of the proffered evidence; (2) the proponent's need for that evidence; (3) any tendency of the evidence to suggest decision on an improper basis; (4) any tendency of the evidence to confuse or distract the jury from the main issues; (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). Each factor is examined in turn.

**(1)    Probative Force**

The first factor, the inherent probative force of the proffered evidence, weighs in favor of admission. A jury may consider unadjudicated offenses in assessing punishment. *See Smith v. State*, 899 S.W.2d 31 (Tex. App.–Austin 1995, pet. ref'd). However, in order to do so, the State must establish that the

offenses were committed by Darby beyond a reasonable doubt. *See* Tex. Code Crim. Pro. Ann. Art. 37.07 §3(a)(1) (West Supp. 2014). As discussed in greater detail above, the State did not do so. Accordingly, this factor weighs against admission.

**(2)   State's Need for Evidence**

The second factor, the proponent's need for the evidence, weighs against admission because the inherent probative force of the proffered evidence was slight. A jury may consider unadjudicated offenses in assessing punishment. *See Smith v. State*, 899 S.W.2d 31 (Tex. App.–Austin 1995, pet. ref'd). However, the jury was already considering the fact that Darby had committed four felony offenses and one state jail felony, because all these offenses were tried together. Therefore, the State had little need to add another offense to the jury's consideration. Accordingly, this factor weighs against admission.

**(3)   Tendency to Suggest Decision on Improper Basis**

The third factor, any tendency of the evidence to suggest decision on an improper basis, weighs against admission. The two unadjudicated sexual assaults were particularly offensive for numerous reasons. The offenses were committed in jail by inmates. (R.R. vol. VI pg. 172-199). The offenses were committed against a juvenile victim. *Id*. The offenses were committed by juveniles. *Id*. The offenses were committed by a group of physically large juveniles against a single

31

physically small juvenile. *Id*. The two offenses were sexual in nature, committed by a group of male juveniles against a single male juvenile. *Id*. The specific details of the two sexual assaults was shockingly demeaning to the victim in nature. *Id*. These factors alone have a strong tendency to grab the jury's attention and suggest a punishment of Darby on the basis of those offenses, as opposed to the offenses for which Darby was actually being punished. *Id*.

Additionally, the offenses were committed by a group of several African American juvenile inmates against a single white juvenile inmate. *Id*. Accordingly, these offenses also have the potential to insight an improper racial basis for Darby's punishment.

Thus, these factors have a strong tendency to induce the jury to decide Darby's punishment based upon the extraneous offenses, rather than the offenses for which Darby was being punished. Additionally, the offenses have potential to insight an improper racial basis for Darby's punishment. Accordingly, this factor weighs against admission.

**(4)    Tendency to Confuse or Distract**

The fourth factor, the tendency of the evidence to confuse or distract the jury from the main issues, weighs in favor of exclusion. For the same reasons as addressed directly above under the third factor, this factor weighs against admission.

32

**(5)     Tendency to Be Given Undue Weight**

The fifth factor, the tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, weighs in favor of exclusion. For the same reasons as addressed directly above under the third factor, this factor weighs against admission.

**(6)     Consume Time**

The sixth factor, the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted, weighs in favor of exclusion.  The State called a total of eight witnesses during the punishment trial case in chief.  The sole purpose of Ayende Germany's testimony was the two unadjudicated sexual assaults. (R.R. vol. VI pg. 56-103).  The sole purpose of Larry Vaden's testimony was video of the two unadjudicated sexual assaults. (R.R. vol. VI pg. 115-122). The sole purpose of Jerl Palmore's testimony was video of the two unadjudicated sexual assaults. (R.R. vol. VI pg. 1223-171). The sole purpose of the victim's testimony was the two unadjudicated sexual assaults. (R.R. vol. VI pg. 172-260).  Thus, half of the State's witnesses (4 of 8) testified only as to the two unadjudicated sexual assaults.  That testimony included approximately 205 pages of the total of approximately 297 pages of State witness testimony, or 69 percent of the State's testimony during the case in chief. Accordingly, this factor weighs against admission.

33

Because five of the six factors weigh against admission and only one weighs in favor of admission, the probative value of the two unadjudicated sexual assaults was substantially outweighed by the danger of unfair prejudice to Darby in all five cases.

## Harmful Error

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The Appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

Here, evidence of the two extraneous unadjudicated sexual assaults was unfairly prejudicial to Darby in this case as discussed in detail above. Accordingly, the error in admitting evidence of the two extraneous unadjudicated sexual assaults was harmful error.

**Issue 3:**    Was evidence of an alleged discussion of escape by Darby properly admitted as impeachment evidence?

The trial court allowed the State to admit evidence of an alleged discussion of escape by Darby, even though the evidence had not been disclosed by the State to Darby prior to trial.  This evidence should have been excluded by the trial court because it was not admissible to rebut Darby's testimony of his remorse as to the offenses.

## Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Here, Darby objected to the State presenting evidence of a recorded conversation between Darby and his father regarding escape. (R.R. VII pg 198). The issue was considered at length by the trial court. (R.R. VII pg 198-214). Ultimately, the trial court ruled the evidence was admissible as rebuttal evidence.

35

(R.R. VII pg 202).  Therefore, this issue was preserved for appellate review.

## Standard of Review

The determination of admissibility is within the sound discretion of the trial court, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex. Crim. App.1979), and will not be reversed on appeal unless a clear abuse of discretion is shown." *Werner v. State*, 711 S.W.2d 639, 643 (Tex. Crim. App. 1986); *Johnson v. State*, 698 S.W.2d 154, 160 (Tex. Crim. App. 1985), *cert. denied*, 107 S.Ct. 239 (1986).   An appellate court should not find such an abuse of discretion if the trial court's ruling was within the "zone of reasonable disagreement." *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). More specifically, "whether the introduction of an extraneous offense into evidence is reversible error is an ad hoc determination based on the merits of each case." *Ruiz v. State*, 579 S.W.2d 206, 209 (Tex. Crim. App. 1979).

## Law and Application

The trial court allowed the State to admit evidence of an alleged discussion of escape by Darby, even though the evidence had not been disclosed by the State to Darby prior to trial.  This evidence should have been excluded by the trial court because it was not admissible to rebut Darby's testimony of his remorse as to the offenses.

After the defense rested in the punishment phase of the trial, the State

36

attempted to admit evidence of an alleged discussion of escape by Darby. (R.R. vol. VII pg. 198-200). The State confessed that the evidence had not been disclosed to Darby prior to trial. (R.R. vol. VII pg 198-214). However, the State argued that the evidence was admissible to rebut Darby's testimony of his remorse as to the offenses. (R.R. vol. VII pg 198-214).

The Texas Code of Criminal Procedure requires the State to give notice of prior bad acts that the State intends to use against a Defendant in the punishment phase of a trial. Specifically article 37.07 provides in relevant part:

> **Verdict must Be General; Separate Hearing on Proper Punishment**
>
> (g)    On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

Tex. Code Crim. Pro. Ann. art. 37.07, § 3(g) (West Supp. 2014).

Darby made such a timely request for extraneous offenses the State intended to use. (C.R. [6-15-42-CR] pg. 18;[6-15-43-CR] pg. 20);[6-15-44-CR] pg. 19; C.R. [6-15-46-CR] pg. 23; [6-15-45-CR] pg. 19). Thus, according to Texas Code of Criminal Procedure article 37.07 section 3(g), the State was required to have

37

given notice of the bad act. However, the State did not give any prior notice of the alleged discussion of escape. (R.R. VII pg 198-214). The State contends that the evidence was rebuttal evidence and that as such, it was not subject to this statutory disclosure requirement. (R.R. VII pg. 198-214).

Rebuttal evidence is evidence which is offered to refute a defensive theory or mitigation evidence. *See e.g. Jaubert v. State*, 74 S.W.3d 1, 4-5 (Tex. Crim. App.), *cert. denied*, 537 U.S. 1005 (2002). In the punishment phase, when the defendant presents evidence in mitigation, the State may offer rebuttal evidence of that mitigation evidence. *See Gipson v. State*, 619 S.W.2d 169 (Tex. Crim. App. 1981). Such evidence can include extraneous offenses which are not disclosed prior to trial. *See e.g. Id*. In *Gipson*, the defendant argued in the punishment phase that he had been forced to commit a sexual assault. *Id*. The State rebutted this testimony with evidence of a prior sexual assault. *Id*. The Texas Court of Criminal Appeals concluded that the defendant chose to raise the contested issue and therefore opened the door to the State's rebuttal evidence. *Id*.

Here, Darby presented evidence that he was remorseful for what he had done. (R.R. vol. VII pg. 80-164). Evidence of remorse can be considered to be mitigation evidence. *See e.g. ex Parte Williams*, AP-76,455, fn. 76 (Tex. Crim. App. June 13, 2012)(mem. op.); *but see Hernandez-Munoz v. State*, No. 14-11-00730-CR, pg. 10 (Tex. App.–Houston [14th Dist.] Dec. 28, 2012, no pet.)(plea of guilty itself leaves impression of remorsefulness)(mem. op.). As such, the State could offer evidence to rebut this defense mitigation evidence. *See*

*Gipson v. State*, 619 S.W.2d 169 (Tex. Crim. App. 1981).

However, evidence of an alleged discussion of escape evidence does not rebut evidence of remorsefulness. Remorse is defined as a growing distress arising from a sense of guilt for past wrongs. *Hall v. State*, 13 S.W.3d 115 (Tex. App.–Fort. Worth 2000), *pet. dism'd, improvidently granted*, 46 S.W.3d 264 (Tex. Crim. App. 2001)(citing WEBSTER'S THIRD NEW INT'L DICTIONARY 1921 (1981)). Evidence of Darby's alleged discussion of escape is not evidence that Darby was not distressed as a result of guilt for the offenses. Accordingly, the State's evidence of Darby's alleged discussion of escape does not rebut Darby's testimony of remorse. For this reason, the evidence of the alleged discussion of escape should not have been admitted by the trial court in all five cases as rebuttal evidence.

**Harmful Error**

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The Appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4

39

(Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

Evidence of the discussion of escape by Darby was harmful. The jury already heard evidence that Darby had committed the core five offenses at issue. Additionally, the jury heard evidence as to two unadjudicated sexual assaults by Darby. Thus, the jury had heard evidence of a total of seven offenses by Darby. Evidence of this alleged discussion of escape allowed the jury to consider a total of eight offenses when setting the punishment on the underlying five offenses. Additionally, evidence of the discussion of escape established in the minds of the jurors the idea that Darby wholly refused to accept punishment for the five offenses. For these reasons the admission of evidence of the discussion of escape by Darby was harmful.

**Issue 4:** Was a proper foundation laid for the admission of a conversation between Darby and his father at the jail regarding escape?

The State did not establish a complete foundation for the admission of the recorded telephone conversation between Darby and his father regarding escape because the State did not establish that the call involved Darby's phone number, or some other fact linking Darby to the telephone recording. Accordingly, the trial court should not have admitted the recording.

### Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Darby objected to the admission of the telephone recording on the basis of the failure of the State to lay the proper foundation. (R.R. vol. VIII pg. 23). This motion was overruled by the trial court. (R.R. vol. VIII pg. 23). Therefore, this issue was preserved for appellate review.

## Standard of Review

The determination of admissibility is within the sound discretion of the trial court, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex. Crim. App.1979), and will not be reversed on appeal unless a clear abuse of discretion is shown." *Werner v. State*, 711 S.W.2d 639, 643 (Tex. Crim. App. 1986); *Johnson v. State*, 698 S.W.2d 154, 160 (Tex. Crim. App. 1985), *cert. denied*, 107 S.Ct. 239 (1986). An appellate court should not find such an abuse of discretion if the trial court's ruling was within the "zone of reasonable disagreement." *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).

## Law and Application

The State did not establish a complete foundation for the admission of the recorded telephone conversation between Darby and his father regarding escape because the State did not establish that the call involved Darby's phone number, or some other fact linking Darby to the telephone recording. Accordingly, the trial court should not have admitted the recording.

Texas Rule of Evidence 901 provides in relevant part:

**Authenticating or Identifying Evidence**

(a)  In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

(b)  Examples. The following are examples only — not a complete

list — of evidence that satisfies the requirement:

(1)    Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be.

.  .  .

(5)    Opinion About a Voice. An opinion identifying a person's voice — whether heard firsthand or through mechanical or electronic transmission or recording — based on hearing the voice at any time under circumstances that connect it with the alleged speaker.

(6)    Evidence About a Telephone Conversation. For a telephone conversation, evidence that a call was made to the number assigned at the time to:

    (A)    a particular person, if circumstances, including self-identification, show that the person answering was the one called; or

    (B)    a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.

Tex. R. Evid. 901; *see also Angleton v. State*, 971 S.W.2d 65 (Tex. Crim. App. 1998).

To authenticate the recorded telephone conversation, the State offered the testimony of Jeff Neal, the Chief Deputy with the Bowie County Sheriff's Department. (R.R. vol. VII pg. 227-240). Neal testified that as part of his duties he controlled the Bowie County Jail. (R.R. vol. VII pg. 228). He explained the existence of a system to record jail calls (internal and external) which is provided by an outside contractor called Correct Solutions. (R.R. vol. VII pg. 228). Neal explained that an inmate is identified by the inmate entering a unique number assigned to the inmate. (R.R. vol. VII pg. 229,231). He explained that a recording had been made of a personal visitation between Darby and his father the night

43

before, to which Neal had listened. (R.R. vol. VII pg. 229). Neal summarily identified the voice of Darby and his father on the recording. (R.R. vol. VII pg. 229).

The State did not authenticate the telephone recording under Texas Rule of Evidence 901(b)(1). Jeff Neal is not a witness with personal knowledge. Jeff Neal is the Chief Deputy with the Bowie County Sheriff's Department. (R.R. vol. VII pg. 227-239). Neal testified that as part of his duties he controlled the Bowie County Jail. (R.R. vol. VII pg. 228). He explained the existence of a system to record jail calls (internal and external) which is provided by an outside contractor, Correct Solutions. (R.R. vol. VII pg. 228). Thus, Jeff Neal did not testify that he had personal knowledge of how the system worked or that it, in fact, worked, since it was provided by Correct Solutions. (R.R. vol. VII pg. 227-239).

The State did not authenticate the telephone recording under Texas Rule of Evidence 901(b)(6). Texas Rule of Evidence 901(B)(6) generally requires evidence that the phone number was assigned to the person it is being attributed to. Here, there was no such evidence. (R.R. vol. VII pg. 227-240). Jeff Neal testified that an inmate is identified by the inmate himself entering a unique number assigned to the inmate. (R.R. vol. VII pg. 229,231). Regardless, Neal did not testify that this phone call was attached to Darby through this system. (R.R. vol. VII pg. 227-240). Nor did Neal testify as to any system to verify or assure that any such number input by the inmate was correct. (R.R. vol. VII pg. 227-240). Thus, the testimony of Neal was insufficient to link Darby to the telephone

44

recording.

The State did not authenticate the telephone recording under Texas Rule of Evidence 901(b)(5). Jeff Neal did summarily state that the recording was of Darby and his father. (R.R. vol. VII pg. 229). However, Neal did not testify of his familiarity with either's voice. (R.R. vol. VII pg. 227-240). Even if Jeff Neal had testified of his familiarity with Darby and his father's voice, there is no other assurance that the recording was accurate, unedited and complete. Jeff Neal did testify that the recording had not been "altered or tampered with in any way." (R.R. vol. VII pg. 227-240). However, this must be discounted in light of Jeff Neal's testimony that the recording system was provided by an outside contractor, Correct Solutions. (R.R. vol. VII pg. 227-240).

For these reasons, the State did not establish the proper foundation for the admission of the telephone recording in all five cases.

**Harmful Error**

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The

45

Appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

Evidence of the discussion of escape by Darby was harmful. The jury already heard evidence that Darby had committed the five offenses at issue. Additionally, the jury heard evidence as to two unadjudicated sexual assaults by Darby. Thus, the jury had heard evidence of a total of seven offenses by Darby. Evidence of this alleged discussion of escape allowed the jury to consider a total of eight offenses when setting the punishment on the underlying five offenses. Additionally, evidence of the discussion of escape established in the minds of the jurors the idea that Darby wholly refused to accept punishment for the five offenses. For these reasons the admission of evidence of the discussion of escape by Darby was harmful.

**Issue 5:**     Darby was convicted of a third degree felony of evading arrest (with a vehicle). Should this have been a state jail felony pursuant to the contradictory Texas Penal Code section 38.04?

Darby was found guilty of evading arrest (with a vehicle), a state jail felony. Regardless, the judgment reflected a conviction of a third degree felony and the punishment charge contained a third degree felony punishment range. Therefore, Darby received the incorrect punishment range in the punishment charge and a sentence outside the appropriate punishment range.

## Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

However, error which is based upon an absolute right or prohibition need not be preserved. *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993) (discussing three types of rights); *see also Garcia v. State*, 149 S.W.3d 135, 144

(Tex. Crim. App. 2004). Such error is often called fundamental error. *See e.g. Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006). An error is considered fundamental when it "directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state." *Ramsey v. Dunlop*, 146 Tex. 196, 202, 205 S.W.2d 979, 983 (1947). A denial of absolute systemic requirements does not require a timely and specific objection to raise for the first time on appeal. *See Aldrick v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *Rodriguez v. State*, 71 S.W.3d 800, 802 (Tex. App.—Texarkana 2002, no pet.); *Rushing v. State*, 50 S.W.3d 715, 723 (Tex. App.—Waco 2001), *aff'd*, 85 S.W.3d 283 (Tex. Crim. App. 2002).

A "void" or "illegal" sentence is one that is not authorized by law. *Ex parte Pena*, 71 S.W.3d 336, 336 n. 2 (Tex. Crim. App. 2002); *see Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (per curiam) (sentence of twenty-five years' imprisonment for offense for which maximum range of punishment was two years' imprisonment was illegal). Such a "void" or "illegal" sentence is fundamental error and can be raised at any time. *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (per curiam).

Here, Darby was convicted of, and punished for, a third degree felony, when the offense of which he was convicted provides for only a state jail felony conviction and punishment. A trial court commits fundamental error by allowing

48

conviction for anything but the charged offense or a lesser included offense. *Ivory v. State*, 632 S.W.2d 614, 616 (Tex. Crim. App. [Panel Op.] 1982). A sentence outside the range of punishment is unauthorized. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *Speth v. State*, 6 S.W.3d 530, 532-33 (Tex. Crim. App. 1999) ("[A] defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the Legislature."). No trial objection is required to appeal an unauthorized punishment. *Mizell*, 119 S.W.3d at 806 n.6. Thus, this error is fundamental and need not be preserved at trial.

## Standard of Review

Whether a sentence is void or illegal appears to be a question of law reviewed *de novo*. *See e.g. Heath v. State*, 817 S.W.2d 335 (Tex. Crim. App. 1991).

## Law and Application

Darby was found guilty of evading arrest (with a vehicle) which should be a state jail felony. Regardless, the Judgment reflected a third degree felony. Additionally, the punishment charge included a third degree felony punishment range. Therefore, Darby received the incorrect punishment range in the punishment charge and a sentence outside the appropriate punishment range.

Darby was indicted with evading arrest (with a vehicle). (C.R. [6-15-42-CR]

49

pg. 15). Likewise, the judgment reflects that Darby was convicted of evading

arrest (with a vehicle). (C.R. [6-15-42-CR] pg. 124). Texas Penal Code section

38.04 provides in relevant part as follows:

**Evading Arrest or Detention**

(a)    A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.

(b)    An offense under this section is a Class A misdemeanor, except that the offense is:

    (1)    a state jail felony if:

        (A)    the actor has been previously convicted under this section; or

        (B)    the actor uses a vehicle or watercraft while the actor is in flight and the actor has not been previously convicted under this section;

    (2)    a felony of the third degree if:

        (A)    the actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section; or

        (B)    another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

            (1)    a state jail felony if the actor has been previously convicted under this section;

            (2)    a felony of the third degree if:

                (A)    the actor uses a vehicle while the actor is in flight;

                (B)    another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

50

(C)　the actor uses a tire deflation device against the officer while the

actor is in flight; or

(3)　a felony of the second degree if:

(A)　another suffers death as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(B)　another suffers serious bodily injury as a direct result of the actor's use of a tire deflation device while the actor is in flight.

Tex. Pen. Code Ann. §38.04 (West supp. 2014)(emphasis added).  Thus, pursuant to the express terms of section 38.04 (b)(1)(B), Darby's evading arrest with a vehicle is a state jail felony.  However, section 38.04(b)(2)(B)(2)(A) provides that such an offense is a third degree felony in contradiction of section 38.04 (b)(1)(B). Thus, the Texas Penal Code provides contradictory punishments for the same offense.

When a single penal provision provides contradictory punishments, the trial court should impose only the lighter punishment in the interest of fairness to the Defendant. Accordingly, this Court should allow only a punishment for a state jail felony as expressly stated in Tex. Pen. Code Ann. §38.04 (b)(1)(B).

However, in *Adetomiwa v. State*, the Fort Worth Court of Appeals noted this discrepancy.  421 S.W.3d 922, 926 (Tex. App.–Fort Worth 2014, no pet.).  The court reconciled the discrepancy and concluded that evading arrest in a vehicle

was a third degree felony, regardless. *Id*. Citing *Adetomiwa v. State*, the Beaumont Court of Appeals likewise concluded the evading arrest (in a vehicle) was a third degree offense, regardless of this discrepancy. *State v. Sneed*, No. 09-14-00232-CR (Tex. App.–Beaumont Sept. 24, 2014, no pet.)(citing *Adetomiwa v. State*, 421 S.W.3d 922, 926 (Tex. App.–Fort Worth 2014, no pet.)).

Regardless, this Court should decline to follow the Fort Worth and Beaumont courts of appeal. Both courts recognized the discrepancy, but both reconciled the discrepancy to conclude that evading arrest (in a vehicle) was a third degree offense. *State v. Sneed*, No. 09-14-00232-CR (Tex. App.–Beaumont Sept. 24, 2014, no pet.); *Adetomiwa v. State*, 421 S.W.3d 922, 926 (Tex. App.–Fort Worth 2014, no pet.). However, a reading of both cases reveals a lack of an express basis for reconciling the discrepancy. *Id*.

The applicable punishment range for a state jail felony is 180 days to two years and the punishment range for a third degree felony is two to ten years. Tex. Pen. Code Ann. §12.34 (West 2011); Tex. Pen. Code Ann.§12.35 (West supp. 2014). Here, the third degree punishment range was included in the punishment charge. (C.R. [6-15-42-CR] pg. 106). Accordingly, if this conviction should have been a state jail felony, the punishment received by Darby was not supported by the offense of which he was convicted. Therefore, Darby received the incorrect punishment range in the punishment charge and a sentence outside the appropriate punishment range.

**Harmful Error**

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The Appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

Here, Darby was convicted of a third degree felony conviction and received a ten year sentence. (C.R. [6-15-42-CR] pg. 124). However, Darby should have faced a state jail felony conviction and a potential punishment range of 180 days to two years. *See* Tex. Pen. Code Ann. §12.35 (West supp. 2014). Accordingly, Darby's third degree felony conviction and his ten year sentence were outside the appropriate punishment range and was harmful error.

The proper remedy for unauthorized punishment is a new punishment hearing. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2012); *Splawn v. State*, 160 S.W.3d 103, 107-08 (Tex. App.–Texarkana 2005, pet. ref'd). Accordingly, Darby's conviction should be reversed and the case remanded for a

new punishment hearing.

**Issue 6:**     Darby's judgment for aggravated robbery (of a senior) incorrectly reflected a plea of not guilty.

**Issue 7:**     Darby's judgment for aggravated robbery (with a deadly weapon) incorrectly reflected a plea of not guilty.

**Issue 8:**     Darby's judgment for aggravated robbery (with a deadly weapon) incorrectly reflected a plea of not guilty.

The judgment for aggravated robbery (of a senior) and two judgments for aggravated robbery (with a deadly weapon) all incorrectly reflect that Darby pled not guilty. The three judgments should reflect pleas of guilty. These are typographical errors that this Court should correct on the three judgments.

## Preservation of Error

To preserve a complaint for our review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a). However, typographical errors can be corrected on appeal and do not appear to have to have been preserved at trial. *See e.g. Gray v. State*, 628 S.W.2d 228 (Tex. App.—Corpus Christi 1982, pet. ref'd) (citing *Luna v. State*, 288 S.W. 465 (Tex. Crim. App. 1926)).

55

## Standard of Review

Counsel is unable to locate a specifically applicable standard of review. Regardless, this is presumably reviewed as a legal ruling which is reviewed by an appellate court *de novo. See Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

## Law and Application

Darby plead guilty to all five charges against him. (R.R. vol. IV pg. 10-17). Based upon those pleas, the trial court adjudicated Darby of all of these offenses. (C.R. [6-15-42-CR] pg. 124;[6-15-43-CR] pg. 128);[6-15-44-CR] pg. 126;C.R. [6-15-46-CR] pg. 123; [6-15-45-CR] pg. 130). However, the judgment for aggravated robbery (of a senior) and two judgments for aggravated robbery (with a deadly weapon) contain typographical errors and incorrectly reflected that Darby pled not guilty to these offenses.

Such typographical errors are properly brought to the appellate court's attention in an appeal. *See Gray v. State*, 628 S.W.2d 228 (Tex. App.—Corpus Christi 1982, pet. ref'd) (*citing Luna v. State*, 288 S.W. 465 (Tex. Crim. App. 1926) and *Champion v. State*, 281 S.W. 546 (Tex. Crim. App. 1926)). Therefore, this issue is brought to this Court's attention in this appeal.

This Court should modify the judgments as follows:

**Judgment 2: Aggravated assault (of a senior)** (C.R. [6-15-43-CR] pg.

56

128)
Plea to Offense: Guilty

**Judgment 3: Aggravated assault (with a deadly weapon)** (C.R. [6-15-44-CR] pg. 126)
Plea to Offense: Guilty

**Judgment 4: Aggravated assault (with a deadly weapon)** (C.R. [6-15-46-CR] pg. 123)
Plea to Offense: Guilty

## Harmful Error

A harmless error analysis does not appear to be applicable in requests for correction to judgments on appeal. *See e.g. Gray v. State*, 628 S.W.2d 228 (Tex. App.—Corpus Christi 1982, pet. ref'd) (citing *Luna v. State*, 288 S.W. 465 (Tex. Crim. App. 1926)). In *Gray*, the court addressed an incorrect date in a judgment but did not conduct a harmless error analysis. *Id*.

**PRAYER**

WHEREFORE, premises considered, Richard Darby, III respectfully requests that this conviction be reversed and judgment rendered in his favor, that the conviction be reversed and a new trial granted, that his judgments be amended, and/or for such other and further relief to which Appellant may be entitled.

Respectfully Submitted,

*Miller, James, Miller & Hornsby, L.L.P.*

By: _____

Troy Hornsby
Texas Bar Number 00790919

1725 Galleria Oaks Drive
Texarkana, Texas 75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant Richard Darby, III

## CERTIFICATE OF SERVICE

This is to certify that on June 4, 2015, a true and correct copy of the above and foregoing *Appellant's Brief* has been forwarded by U.S. mail on all counsel of record and interested party listed below:

**Appellant**
Richard Darby, III
Bowie County Correctional Center
100 N. State Line Ave.
Bi-State Justice Building
Texarkana, Texas 75501

**Trial Court Judge**
Honorable Bobby Lockhart
102nd District Judge
Bi-State Justice Building
100 North State Line Avenue
Texarkana, Texas 75501

**State's Attorney**
Samantha Oglesby
Bowie Cnty Dist. Attorney's Office
601 Main Street
Texarkana, Texas 75501

**Defendant's Trial Attorney**
Will Williams
Bowie Co. Public Defender's Off.
424 W. Broad Street
Texarkana, Texas 75501


Troy Hornsby

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned counsel certifies that, exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 9,484 words (less than 15,000), based upon the word count of the WordPerfect program used to prepare the document.

Troy Hornsby